UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,

    Plaintiff/Counter-Defendant,

v.                                                           Case No.: 8:10-CV-01564-EAK-TGW

SHAWN M. LOSAT and RAGHUNADH
MUNDRA a/k/a RAGUNADH B. LNU,

    Defendants/Counter-Plaintiff.
_____/

**ORDER DEFENDANT/COUNTER PLAINTIFF LOSAT'S MOTION TO REALIGN PARTIES**

THIS CAUSE is before this Court on Defendant/Counter-Plaintiff, SHAWN M. LOSAT ("Losat")'s, Motion to Realign Parties (Doc. 29) and Plaintiff/Counter-Defendant, GEICO CASUALTY COMPANY ("Geico")'s, response thereto (Doc. 32). For the reasons set forth below, Losat's Motion to Realign Parties is **GRANTED**.

    I.    Discussion

Losat moves this Court to realign the parties for purposes of determining the order of proof at trial. The instant action was commenced by Geico seeking a declaratory judgment that it had fulfilled its duty to defend their insured, RAGHUNADH MUNDRA a/k/a RAGUNADH B. LNU ("Mundra"), and that Geico has no obligation to satisfy the judgment from an underlying action out of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida., in which Losat sued Mundra after suffering serious permanent injuries as a result of an automobile accident. At the time the judgment was entered, Geico insured Mundra. Losat filed a counterclaim in this matter against Geico for bad faith, seeking to hold Geico responsible for failure to properly settle the suit out of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Case No.: 8:10-CV-01564-EAK-TGW

As Geico points out, a trial court has broad discretion in deciding the realignment of parties and order of proof. See Anheuser-Busch, Inc. v. John Labatt, 89 F.3d 1339, 1344 (8th Cir. 1996). Geico contends that realignment of the parties is not required or justified in the case *sub judice* as only one party has made such a request. Moreover, Geico argues that realignment is not proper as Mundra has not consented and realignment of only one party would be confusing at trial. As an entry of default has been entered as to Mundra (Doc. 42), Geico's argument is unpersuasive.

This Court notes that there are two schools of thought as to the burden of proof and order of proof in declaratory judgment actions, one which holds that the party who voluntarily brings the declaratory judgment action should have the burden of proof, and one which holds that the burden of proof should not be placed mechanically on the plaintiff because the plaintiff is the party seeking relief. Fundamentally, there is no right or wrong answer; it is a matter within the Court's discretion. This Court further notes that realignment has been done in other similar cases with no adverse effects, as in Case No. 8:05-CV-73-T-17MAP and 8:05-CV-164-T-17MAP, styled Geico v. McDonald, and Case No. 8:05-CV-697-T-24EAJ, styled GEICO Casualty Company v. Joy Beauford and Alice Eugenia Arce. Accordingly, it is:

**ORDERED** that Defendant/Counter-Plaintiff, SHAWN M. LOSAT ("Losat")'s, Motion to Realign Parties (Doc. 29) is **GRANTED**. Losat will have the privilege of opening and closing to the jury, as well as the burden of proof. The Clerk of the Court is directed to realign the parties, so as SHAWN M. LOSAT and RAGHUNADH MUNDRA a/k/a RAGUNADH B. LNU become the plaintiffs and GEICO CASUALTY COMPANY becomes the defendant.

Case No.: 8:10-CV-01564-EAK-TGW

**DONE AND ORDERED** in Chambers at Tampa, Florida, this _19th_ day of April, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.

3