UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEICO CASUALTY COMPANY,
    Plaintiff,

vs.                                                                  CASE NO. 8:10-CV-01564-T-EAK-TGW

SHAWN M. LOSAT and RAGHUNAGH
MUNDRA a/k/a RAGHUNAGH M. LNU,
    Defendants.
_____/

## ORDER GEICO'S MOTION FOR DEFAULT JUDGMENT

This cause is before the Court on Plaintiff's, GEICO CASUALTY COMPANY ("Geico"), Motion for Default Judgment as to Raghunagh Mundra a/k/a Raghunagh M. LNU (Doc. 44) and Defendant's, SHAWN M. LOSAT ("Losat"), response thereto (Doc. 45). For the reasons set forth below, Geico's Motion is **DENIED without prejudice**.

On April 19, 2011 a default was entered (Doc.42) as to Defendant Raghunagh Mundra a/k/a Raghunagh M. LNU ("Mundra") as Mundra had not answered or responded in any manner to the instant action. Mundra has yet to answer or respond. Geico now seeks a default judgment against Mundra pursuant to Fed.R.Civ.P 55.

The relief sought by Geico in its complaint is as follows: (1) that Geico has not acted in bad-faith in exercise of its duties to its insured[1]; (2) that Geico has no duty to indemnify Mundra beyond the liability limits of the policy; (3) that Geico has no duty to satisfy the entire judgment in Losat's favor; and (4) that Geico has no further duty to defend Mundra. Losat argues that because he has an outstanding bad-faith claim against Geico, there is a risk of inconsistent judgments and Geico's motion should be denied as Geico seeks a declaration that it has not acted in bad-faith. This Court finds Losat's argument convincing.

In *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L.Ed. 60 (1872), the issue was whether the court could lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others. The Court in *Frow* held that [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the

---

[1] Mundra was the insured of Geico.

1

defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal. *Id.* at 15 Wall. At 554, 21 L.ED. 60. The application of *Frow* has consistently been applied within the Middle District of Florida. *See, e.g., Centimark Corp. c. A to Z Coating & Sons. Inc.*, 2007 WL 4557247 (M.D. Fla. 2007), *affirmed*, 2007 WL 2909299 (11th Cir. 2008) (unpublished); *Temporary Services Insurance Ltd. v. O'Donnell*, 2008 WL 2730997 (M.D. Fla. 2008); *Politano v. Ott*, 2008 WL 4104137 (M.D. Fla. 2008). The entry of a default judgment against Mundra that Geico did not act in bad-faith, while Losat has existing claims alleging Geico did indeed act in bad-faith, is inappropriate at this juncture as it may potentially lead to inconsistent judgments.

**ORDERED** that Geico's Motion for Default Judgment as to Raghunagh Mundra a/k/a Raghunagh M. LNU is **DENIED without prejudice**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 6th day of June, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record